IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK DOYLE, DANIEL HOULIHAN, JOHN NOLAN, ROBERT OLSON, MICHAEL PADALINO, JOHN PIGOTT, EUSEBIO RAZO, VERONICA RODRIGUEZ, MICHAEL ROMAN, RICHARD SOTO, and CAROL WEINGART,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF CHICAGO, BRIAN THOMPSON, RAHM EMANUEL, TERRY HILLARD, SARAH PANG, MICHAEL FAULMAN, GARRY McCARTHY, JAMES JACKSON, BEATRICE CUELLO, EUGENE WILLIAMS, and DEBRA KIRBY,<br><br>Defendants. | Case No. 12 C 6377<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Dismiss Counts II and III of Plaintiffs' Fourth Amended Complaint. For the reasons stated herein, the Motion is denied.

**I. BACKGROUND**

This employment discrimination action arises out the 2011 Chicago mayoral transition after Rahm Emanuel ("Emanuel") was elected. The factual background that follows is drawn from the allegations in the Fourth Amended Complaint (the "Complaint").

Plaintiffs are Caucasian and Hispanic Chicago police officers who had reached the rank of "security specialist," meaning that they were assigned to provide security to the Mayor of Chicago and other dignitaries in the City. Compared to regular police officers, security specialists receive increased benefits and pay. After Mayor Emanuel was sworn in, Plaintiffs were demoted and replaced by African-Americans who had political ties to Emanuel. Some of the Plaintiffs faced slightly different circumstances – some were demoted, others were reassigned – but those differences are not relevant for the purposes of this Motion.

On May 1, 2013, this Court ruled on a previous Motion to dismiss brought by Defendants Brian Thompson, Terry Hillard, and the City of Chicago. The Court held that Plaintiffs' allegations stated a claim for violation of the *Shakman* decree (Count I), violation of Plaintiffs' First Amendment rights secured by 42 U.S.C. § 1983 (Count II), racial discrimination in violation of 42 U.S.C. § 1981 (Count III), and racial discrimination in violation of Title VII (Count IV). Plaintiffs' newest Complaint added Mayor Rahm Emanuel, Garry McCarthy, Sarah Pang, Michael Faulman, James Jackson, Beatrice Cuello, Eugene Williams, and Debra Kirby ("the Moving Defendants") as named Defendants for Counts II and III. The Complaint alleges that these Defendants "personally participated in the process" of demoting Plaintiffs and selecting their replacements. Compl. ¶¶ 107-16.

The Complaint alleges further that Defendants Jackson, Cuello, Williams, and Kirby were high-ranking CPD supervisors: Jackson was the First Deputy, Cuello was the Assistant Superintendent of Administration, Williams was the Chief of Patrol, and Kirby was the Deputy Superintendent. According to the Complaint, these Defendants improperly considered political factors when they participated personally in the process of demoting Plaintiffs and choosing replacement security specialists.

As alleged in the Complaint, Mayor Emanuel participated personally in the process of demoting Plaintiffs and choosing replacement security specialists who had connections to his campaign. Defendants Pang and Faulman were advisors to Mayor Emanuel who considered political factors when they participated personally in the process of demoting the Doyle Plaintiffs. Defendant McCarthy was the acting Superintendent and then Superintendent of the Chicago Police Department. He participated personally in the process of demoting the Doyle Plaintiffs and choosing replacements with connections to the Emanuel campaign. McCarthy also issued Personnel Order No. 2011-128, which demoted some of the Plaintiffs from their Security Specialist positions.

## II. LEGAL STANDARD

A complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief, sufficient to provide the defendant with "fair notice" of the claim and its

basis. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Bell Atl.,* 550 U.S. at 555-56.

### III. ANALYSIS

With both Count II and Count III, Plaintiffs seek to hold Defendants liable for discrimination based on Defendants' involvement in the Plaintiffs' demotion from the security specialist position. Previously, the Court denied a similar motion as to Defendants Hillard and Thompson, holding that Plaintiffs' allegations were sufficient to allege personal involvement in the deprivation of their rights. ECF No. 64 at 13-18. In the pending Motion, the Moving Defendants do not challenge that holding or contest that Plaintiffs have pled their claims adequately as to Thompson and Hillard. Rather, the Moving Defendants argue that the Complaint fails to connect their conduct to the alleged deprivations. Because the arguments as to Counts II and III are identical, the Court considers them together.

The allegations against the Moving Defendants are very similar to those against Thompson and Hillard. The Complaint alleges that Plaintiffs are Caucasian or Hispanic and lacked political

affiliation with Mayor Emanuel, while their replacements are African-Americans with ties to Emanuel.  Plaintiffs allege that they were demoted because of their race and their lack of connections to the new Mayor, and that the named Defendants participated personally in the adverse employment action with knowledge of these racial and political factors.  It is plausible that some or all of Defendants participated in various ways:  for example, it is conceivable that the Mayor had some input over which officers would form his personal security detail, and Pang and Faulman, as advisors, could have helped the Mayor reach that decision or decide whether and how to demote Plaintiffs.  These allegations raise the right to relief above the speculative level.

Plaintiffs have not alleged what specific actions were taken by each individual Defendant, but they do not need to.  First, it is important to bear in mind that federal notice pleading standards are more lenient for discrimination claims than they are for more complex claims, such as those based on antitrust law or RICO statutes.  *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008).  Second, the Seventh Circuit has explained that "the complaint need not state the respects in which the defendant" brought about the alleged harm.  *Id.* at 1084-85.  Rather, "the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense."  *Id.* at 1085.  Accordingly, Plaintiffs need not allege the particulars of

each Defendant's involvement.  This Complaint gives the individual Defendants more than enough information for them to investigate the facts and defend the case.

Moreover, it is unreasonable to expect Plaintiffs to know, at this point, the nature or extent of each Defendant's involvement in the adverse employment action.  A plaintiff's inability to know every factual detail supporting his case does not diminish his right to relief, and "requiring the plaintiff to plead those unknown details before discovery would improperly deny the plaintiff the opportunity to prove its claim."  *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 780 (7th Cir. 2007).

At this stage, and as ordered previously as to Defendants Hillard and Thompson, these allegations are sufficient to put Defendants on notice of potentially viable claims against them. Therefore, the Motion to Dismiss is denied.

## IV.  CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss the Fourth Amended Complaint [ECF No. 98] is denied.  The Motion to Dismiss the Third Amended Complaint [ECF No. 91] is denied as moot. **IT IS SO ORDERED.**

													    Harry D. Leinenweber, Judge
													    United States District Court

Date:3/26/2014